# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| CEDAR REALTY TRUST, INC., BRUCE J. | : **SECURITIES EXCHANGE ACT OF 1934** |
| SCHANZER, GREGG A. GONSALVES, | : |
| ABE EISENSTAT, STEVEN G. ROGERS, | : |
| SABEINA KANNER, DARCY D. MORRIS, | : |
| RICHARD H. ROSS, and SHARON STERN, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On March 2, 2022, Cedar Realty Trust, Inc. ("Cedar" or the "Company") entered into an asset purchase and sale agreement (the "Merger Agreement") to be acquired by DRA Fund X-B LLC, KPR Centers LLC, and DRA Growth and Income Master Fund X-B, LLC (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Cedar's stockholders will receive $29.00 in cash per share.

3. On April 5, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Cedar common stock. Plaintiff resides in this District.

9. Defendant Cedar is a Maryland corporation. Cedar's common stock is traded on the New York Stock Exchange under the ticker symbol "CDR."

10. Defendant Gregg A. Gonsalves is Chairman of the Board of Directors of Cedar (the "Board").

11. Defendant Bruce J. Schanzer is President, Chief Executive Officer and a member of the Board.

12. Defendant Abe Eisenstat is a member of the Board.

13. Defendant Steven G. Rogers is a member of the Board.

14. Defendant Sabrina Kanner is a member of the Board.

15. Defendant Darcy D. Morris is a member of the Board.

16. Defendant Richard H. Ross is a member of the Board.

17. Defendant Sharon Stern is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Cedar is a fully integrated real estate investment trust which focuses on the ownership, operation, and redevelopment of grocery-anchored shopping centers in high-density urban markets from Washington, D.C. to Boston.

20. On March 2, 2022, Cedar entered into the Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Cedar Realty Trust (NYSE: CDR) (the "Company") today announced that following its previously announced dual-track review of strategic alternatives, it has entered into definitive agreements for the sale of the Company and its assets in a series of related all-cash transactions:

An agreement to sell a portfolio of 33 grocery-anchored shopping centers to a joint venture between a fund managed by DRA Advisors LLC and KPR Centers for $840.0 million.

An agreement to sell the Revelry redevelopment project for $34.0 million. Cedar is negotiating the sale of the Northeast Heights redevelopment project for $46.5 million. (In the event the sale of the redevelopment projects is not completed prior to closing of the grocery-anchored shopping center portfolio sale, the DRA-KPR joint venture has agreed to acquire these two projects at the aggregate price of $80.5 million.)

An agreement to sell the Company and its remaining assets to Wheeler Real Estate Investment Trust, Inc. (NASDAQ: WHLR), after completion of the above-described transactions, in an all-cash merger transaction that values the assets at $291.3 million.

The transactions, which were unanimously approved by the Company's Board of Directors, are estimated to generate total net proceeds, after all transaction

3

expenses, of more than $29.00 per share in cash, which will be distributed to shareholders upon completion. The $29.00 per share of estimated net proceeds represent a 16.6% premium to Cedar's closing share price on March 2, 2022, and a 70.6% premium to the Company's closing share price on September 9, 2021, the last day of trading prior to the announcement of the dual-track review of strategic alternatives.

"We believe this combination of transactions represents the best possible outcome for our common shareholders and we are very pleased with the progress thus far of our dual-track review of strategic alternatives," said Bruce Schanzer, Cedar's President and Chief Executive Officer.

Upon completion of the transactions, Cedar will be wholly owned by Wheeler Real Estate Investment Trust, and Cedar's common stock will no longer be publicly traded. Pursuant to the terms of the merger agreement with Wheeler, all shares of Cedar's currently outstanding 7.25% Series B Preferred Stock and 6.50% Series C Preferred Stock, will remain outstanding shares of Cedar preferred stock following the merger and will remain listed on the New York Stock Exchange under their current ticker symbols.

The transactions are not subject to financing conditions and are expected to close by the end of the second quarter of 2022, subject to satisfaction of customary closing conditions, including approval by Cedar's common shareholders.

BofA Securities and JLL Securities are acting as financial advisors to Cedar, and Goodwin Procter LLP is acting as legal counsel to Cedar. JLL is acting as the Company's real estate advisor with respect to the sale of the grocery-anchored shopping center portfolio and CBRE is acting as real estate advisor to Cedar with respect to the sale of the redevelopment projects.

22. On April 5, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

## Financial Projections

23. The Proxy fails to disclose material information regarding Cedar's financial projections, specifically: (i) projected cash flows; and (ii) the line items underlying the financial projections.

24. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

4

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

### Financial Analyses

25.     The Proxy fails to disclose material information regarding the financial analyses conducted by Jones Lang LaSalle Securities, LLC ("JLL").  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

26.     Regarding JLL's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the projected free cash flows utilized by JLL; (ii) the terminal values utilized by JLL; and (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by JLL.

27.     Regarding JLL's Comparable Public Companies Analysis, the Proxy fails to disclose the individual multiples for the companies utilized by JLL.

28.     Regarding JLL's Selected Precedent Public REIT Mergers and Acquisitions Transaction Analysis, the Proxy fails to disclose the individual multiples for the transactions utilized by JLL.

29.     Regarding JLL's Selected Portfolio-Level Transaction Analysis, the Proxy fails to disclose: (i) the transactions utilized by JLL; and (ii) the individual multiples for the transactions utilized by JLL.

### Banker Engagements

30.     The Proxy fails to disclose material information regarding Cedar's financial advisors' engagements.  Full disclosure of investment banker compensation and all potential

conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

31. The Proxy fails to disclose the fees JLL has received or will receive for the previous services it conducted for the parties to the Merger Agreement.

32. The Proxy fails to disclose the terms of BofA Securities' engagement.

33. The Proxy fails to disclose the fees BofA Securities has received or will receive for the previous services it conducted for the parties to the Merger Agreement.

## COUNT I

**Claim Against the Individual Defendants and Cedar for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

34. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

36. Cedar is liable as the issuer of these statements.

37. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

38. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

40. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

41. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

42. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

43. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

44. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of Cedar within the meaning of Section 20(a) of the Exchange Act as alleged herein.

46. Due to their positions as officers and/or directors of Cedar and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these

statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

49. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

50. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

51. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

52. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

53. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary

to make the statements contained therein not misleading;

      D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

      E.     Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

      F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 18, 2022

**GRABAR LAW OFFICE**

By: /s/ Joshua H. Grabar
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

9